[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13966
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cr-80025-RLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD ROWLEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 11, 2019)

Before WILSON, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Donald Rowley appeals his 168-month total-sentence, imposed at the high

end of the guideline range, after pleading guilty to receipt of child pornography, in

violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). On appeal, he argues that his sentence is procedurally unreasonable because the district court failed to adequately explain it and it was greater than necessary to comply with the statutory purposes of sentencing.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We use a two-step process to review a sentence's reasonableness. *Id.* at 51. First, we must confirm that the district court committed no significant procedural error. *Id.* A sentence is procedurally erroneous if a district court commits an error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* Next, we consider the substantive reasonableness of the sentence. *Id.*

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history

2

and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. *Id.* § 3553(a)(1), (3)-(6).

Although the district court must consider the § 3553(a) factors, it need not analyze each of the factors individually for the sentence to be procedurally reasonable; rather, the district court may acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

Here, Rowley's sentence is procedurally reasonable. Rowley does not challenge the district court's calculation of his guideline range or the substantive reasonableness of his sentence. The district court did not treat the guidelines as mandatory. Instead, it listened to the parties' arguments and Rowley's statement, and it considered the motion for downward variance and the § 3553(a) factors. The court explicitly stated that it had considered Rowley's arguments and the § 3553(a) factors. *Sarras*, 575 F.3d at 1219.

Further, the record reflects that it considered the arguments and the § 3553(a) factors and adequately explained Rowley's sentence. *See Gall*, 552 U.S. at 51. Specifically, when denying the motion for variance and fashioning the sentence, the district court considered the need to avoid unwarranted sentencing

disparities among defendants with similar records, and it determined that Rowley's case differed from other cases because Rowley had prior incidences involving sexual abuse of children. 18 U.S.C. § 3553(a)(6). In considering Rowley's history and circumstances, the district court listened to Rowley's statement that he had served his country and was honorably discharged from the military and that he served his community through volunteer work. 18 U.S.C. § 3553(a)(1). It also acknowledged that Rowley had admitted his criminal past and that he had expressed a desire to seek help. 18 U.S.C. § 3553(a)(1).

Nevertheless, the district court determined that it needed to consider all of Rowley's conduct—including his history of sexual abuse of children that spanned 30 years and involved the more distant sexual abuse of his daughter and stepdaughters and the more recent abuse of his step-granddaughter—in order to fully contemplate several of the § 3553(a) factors, including the need for just punishment, and the need to respect the law, to deter Rowley and other offenders, and to protect the public. 18 U.S.C. § 3553(a)(2). Finally, after listening to the government explain that Rowley's conduct in the instant case involved possessing more than 450 videos of child pornography, including a video of the rape of a five-year-old child, the district court noted that Rowley's convictions were for very serious offenses. 18 U.S.C. § 3553(a)(2). Based on these considerations, the court concluded that a sentence at the high end of the guideline range would satisfy the §

3553(a) factors and would be sufficient, but not greater than necessary to accomplish the purpose of § 3553(a).  Accordingly, the district court did not abuse its discretion by imposing the guideline range total-sentence of 168 months' imprisonment.

**AFFIRMED.**